
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-15419 |
| Plaintiff-Appellee, | D.C. No. 2:07-cv-01154-GMN-VCF |
| v. | |
| ESTATE OF E. WAYNE HAGE; WAYNE N. HAGE, | **MEMORANDUM**[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted April 13, 2018
San Francisco, California

Before: KLEINFELD, W. FLETCHER, and TALLMAN, Circuit Judges.

Wayne N. Hage and his late father E. Wayne Hage's estate ("the Estate")

appeal from the district court order awarding the United States $587,294.28 in

damages for the Hages' unauthorized grazing on federal land.[1] The district court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Because the district court did not find the Estate liable for damages, only Mr. Hage has standing to appeal the district court's damages award.

calculated the damages owed to the Bureau of Land Management ("BLM") for each year by multiplying the number of cattle that the court found Mr. Hage owned during that year by the number of months that year during which the court found Mr. Hage grazed the cattle on BLM land. It then multiplied that figure by the BLM's rate for repeated willful unauthorized grazing under 43 C.F.R. § 4150.3(c). The fees owed to BLM for the period between November 2004 and June 2011 amounted to $555,040.50. The fees owed to the United States Forest Service (the "Forest Service") for the same period were calculated in a parallel manner utilizing the Forest Service's own regulations for unauthorized grazing fees, 36 C.F.R. § 222.50, and totaled $11,791.34. The remaining sum of $20,462.44 in the damages calculated by the district court relates to Mr. Hage's unauthorized grazing during the pendency of his appeal to the United States Supreme Court.

Unauthorized grazing on BLM lands is subject to fees. 43 C.F.R. § 4140.1(b)(1)(i) (prohibiting unauthorized grazing on BLM-administered land); 43 C.F.R. § 4150.1 (providing that violations of § 4140.1(b)(1)(i) can be punished with civil and criminal penalties); 43 C.F.R. § 4150.3 (setting fees for unauthorized grazing on BLM-administered land). Fees also apply to unauthorized grazing on National Forest System lands managed by the Forest Service under 36 C.F.R. § 222.50(h).

The district court correctly applied these regulations to calculate the fees that Mr. Hage owes. The district court's findings regarding the number of cattle to which the fees apply were reasonable. *See Holland Livestock Ranch v. United States*, 655 F.2d 1002, 1006 (9th Circ. 1981) ("[T]he fact that damages are not susceptible to precise measure does not preclude recovery . . . the factfinder is allowed to make a reasonable inference of damages from the facts adduced . . . so long as the damages are not based on speculation or guess." (citations omitted)).

The district court also correctly applied the BLM's "repeated willful unauthorized" rate under 43 C.F.R. § 4150.3(c) rather than the rate for non-willful or willful violations under 43 C.F.R. §§ 4150.3(a) or (b). A violation is willful under 43 C.F.R. § 4150.3 if it is done intentionally and in the absence of "good faith or innocent mistake." *Holland Livestock Ranch v. United States*, 655 F.2d 1002, 1006-7 (9th Cir. 1981) (quoting *Eldon Brinkerhoff*, 24 I.B.L.A. 324 (1976)). Mr. Hage did not have a good faith belief in the legality of his grazing activities. Neither his family's related case in the Court of Federal Claims, *see, e.g., Hage v. United States*, 42 Fed. CL. 249 (1998), nor the law at the time of Mr. Hage's violations, *see, e.g., Hunter v. United States*, 388 F.2d 148, 154 (9th Cir. 1967) (holder of stockwater rights does not have right to the adjacent forage), supported a good faith belief in the legality of his unauthorized grazing between 2004 and

3

2011. Moreover, Mr. Hage's violations over the course of several years were clearly "repeated." Mr. Hage's violations were thus "repeated willful and unauthorized;" the rate provided in 43 C.F.R. § 4150.3(c) was applicable.

We **AFFIRM** the district court's order.